IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

COST RECOVERY SERVICES LLC,

    Plaintiff,
v.                                                                     CASE NO. 1:02-cv-00131-MP-AK
                                                                                      1:01-cv-00058-MP-AK

ALLTEL COMMUNICATIONS INC,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 203, Motion for Entry of Judgment under Rule 54(b), to which the Plaintiff has responded, doc. 211, and the Defendant has replied, doc. 213. This case began with the filing of CRS I (1:01-cv-58), in which Plaintiff claimed that Alltel breached a contract between the parties by refusing to pay Plaintiff a portion of savings Defendant enjoyed on certain accounts during the time allegedly covered by the contract. Later, after some discovery, Plaintiff discovered additional accounts for which it wished to contend that Plaintiff was entitled to payment. When Plaintiff attempted to add those ten additional counts to the CRS I case, the Court declined to allow it at such a late point in the CRS I case. Thus, the Plaintiff filed CRS II (1:02-cv-131), which covered the ten additional accounts.

Later in the development of both cases, however, it became apparent that various delays in the cases had changed the balance of judicial economy such that the Court concluded that the cases should proceed together from that point on. Thus, in an order (doc. 101) dated June 18, 2004, the Court consolidated the two cases, stating:

> judicial economy now compels the conclusion that both sets of claims be tried together. In that same light, experience also dictates that the amendment of the

    complaint sought in CRS II (see doc. 77) should be allowed, to promote the
efficient disposition of all aspects of the dispute between these two parties.

As this language reveals, it was the intent of the Court at the time of the consolidation order, and it is the intent of the Court now, that these cases be dealt with once-and-for-all, together and not piecemeal. Thus, the order granting partial summary judgment on only the CRS II claims is not a final order "which ends the litigation and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed.2d 911. Entry of judgment, as if this were a final, appealable order, is not appropriate. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion to file a reply, doc. 213, is granted, and the motion for entry of judgment, doc. 203, is denied. The Clerk is directed to send a copy of this order to the Eleventh Circuit Court of Appeals.

**DONE AND ORDERED** this _23rd_ day of August, 2006

                *s/Maurice M. Paul*
            Maurice M. Paul, Senior District Judge